I would reverse the judgment of the trial court, enter judgment granting Hamilton's motion for relief from judgment, and remand this cause for a new trial.
At the hearing on Hamilton's petition for post-conviction relief, it was established that evidence of his alleged victim's second, negative throat culture was withheld from him by the State and its expert witness at trial. Although I agree that Hamilton failed to demonstrate that the existence of this negative throat culture would have definitively established his innocence, because the antibiotics Eskew was taking "could possibly" have prevented the growth of gonorrhea bacteria on that culture, I do not agree that a defendant, to prevail on a claim based on Brady v. Maryland
(1963), 373 U.S. 83, must show that the withheld evidence would establish the defendant's innocence. The holding in Brady was expressed as follows:
 We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.
Id., at 88.
Had Hamilton sought to introduce evidence of the second, negative throat culture at his trial, there is no question that it would have been material to his guilt, and admissible. The jury might have convicted Hamilton anyway, based upon Dr. Mancy's testimony that the antibiotics Eskew was taking "could possibly" have prevented the growth of gonorrhea bacteria, thereby masking it on the second throat culture. On the other hand, the jury might have predicated reasonable doubt upon this evidence. The jury might have found significant the following admission of Dr. Mancy at the post-conviction relief hearing:
 Q. Now, three-day period between the time that she was tested at the E.R. room and the time that she developed a sore throat, in your opinion, would that time period be consistent, a consistent incubation-type period for the, if she had contracted gonorrhea on the day that she was, if she had been in contact with gonorrhea and contracted the germ, three days later, would that germ have showed up?
 Yea, that's consistent with the incubation period, yes, of gonorrhea.
I cannot say with the required degree of certitude that the second, negative throat culture, had it been presented to the jury, would have had no effect upon the outcome of the trial. In my view, there is a significant possibility that the jury might have acquitted Hamilton, based upon reasonable doubt. Therefore, in my view, the Brady violation cannot be ignored as harmless. In reaching this conclusion, I have not relied upon the testimony of Dr. Schwab.